IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SIAKA TEJAN JALLOH, #360816
    Plaintiff,
v.

    \*    CIVIL ACTION NO. RDB-12-1320

DOUGLAS MULLENDORE, *et al.*
In their individual and official capacities
    Defendants.

\*\*\*

## MEMORANDUM OPINION

### I. PROCEDURAL HISTORY

On April 30, 2012, Siaka Jalloh ("Plaintiff") filed this 42 U.S.C. § 1983 Complaint, concerning the denial of his right to practice his religion while a pre-trial detainee at the Washington County Detention Center ("WCDC") from 2009 to 2010. He names Sheriff Mullendore, Warden Van Evans, Sargent Ed Long, Lieutenant Rowe, Lieutenant White, Deputy First Class Knight, and Lisa Bakner as Defendants.

Plaintiff stated that upon his arrival at WCDC, he listed his practicing religion as Muslim. He claimed, however, that Islamic services, programming and articles, i.e., prayer rugs, Qur'an, scented oils, and headgear, were not available at WCDC, which he alleged was "Islamophobic, hostile, and indifferent to Muslim inmates." (Compl. at pgs. 4-5).

Plaintiff additionally stated that his complaints to WCDC personnel regarding the inaccessibility of Islamic practices at WCDC received an inadequate response and he was told that he was listed as a Christian, not a Muslim. Plaintiff stated that he was informed that WCDC policy dictated that to be designated as a Muslim he would have to obtain letterhead documentation from a local or national religious authority indicating that his religious preference had changed from Christian to Muslim. He conceded that Warden Evans waived this requirement for him, but not for

others. Plaintiff also alleged that his Ramadan meal was not reinstated on or about August 23, 2009, and he was denied access to a Ramadan Jumu'atul-Widaa' group prayer service on August 28, 2009. He complained that his rights under the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc - 1 (a) were violated. (Compl. at pgs. 6-14). Plaintiff sought declaratory relief, compensatory and punitive damages, and costs. (*Id.* at p. 15).

## II. PENDING MOTIONS

On December 20, 2012, the Court entered Memorandum and Order denying the parties' dispositive motions. (ECF Nos. 29 & 30). On February 11, 2013, a Scheduling Order was entered directing the parties to file any further briefing within three months. On May 13, 2013, Defendants filed a Motion for Partial Summary Judgment and a Status Report. (ECF Nos. 34 & 35). Plaintiff has filed a letter Opposition (ECF No. 38). No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2011). For reasons to follow, Defendants' Motion for Partial Summary Judgment shall be GRANTED as to Plaintiff's claims for declaratory relief.

## III. DISCUSSION

There is no material dispute that Plaintiff was detained at WCDC from June 9, 2009 to January 7, 2010. In this Complaint he seeks declaratory relief and monetary damages against the Sheriff and WCDC staff for alleged violations under 42 U.S.C. § 1983 and RLUIPA. The thrust of his Complaint is that he was denied access to Islamic services, articles, and programming and that the policies as to Muslim observances substantively differed from those established for other religions. Further, he particularly complains of an instance when he broke the Ramadan fast and was not placed back on the holiday meal observance plan per his request and an instance when he was denied access to a group Ramadan prayer service.

Defendants now assert that in light of Plaintiff's transfer to a Maryland Division of Correction facility, he is without standing to seek injunctive or declaratory relief against WCDC personnel. Defendants' Motion for Partial Summary Judgment shall be granted. Plaintiff is now permanently assigned to the Maryland Division of Correction. There is no reasonable expectation that he will be transferred back to WCDC for any purpose. Therefore, his claims for declaratory relief against Defendants for the denial of his right to observe his religion at WCDC have been rendered moot and he lacks standing to assert his claims for declaratory relief in connection with any denial of alleged right to religious observance as a pre-trial detainee. *See Buie v. Jones*, 717 F.2d 925, 927-29 (4th Cir. 1983); *see also Incumma v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (prisoner's transfer or release from a particular prison "moots his claims for injunctive and declaratory relief with respect to his incarceration there").

IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion for Partial Summary Judgment shall be granted. Plaintiff's claim for damages shall proceed and he shall be granted additional time to re-file a motion for appointment of counsel. A separate Order follows.

Date:    9/30/2013                                          /s/
                                                    RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE